UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VULCAN SOCIETY OF WESTCHESTER COUNTY, et al.,<br><br>    Plaintiffs,<br><br>  -against-<br><br>CITY OF WHITE PLAINS, ET AL.,<br><br>    Defendants. | 78 Civ. 911 (JPO) |
| UNITED STATES OF AMERICA,<br><br>    Plaintiffs,<br><br>  -against-<br><br>NEW YORK STATE DEPARTMENT OF CIVIL SERVICE, et al.,<br><br>    Defendants. | 80 Civ. 0336 (JPO) |

**ORDER MODIFYING CONSENT JUDGMENT**

  WHEREAS, the Court entered a Consent Judgment in the above-referenced action, 78 Civ. 911 (TPG), on January 19, 1981 (the "Vulcan Consent Judgment");

  WHEREAS, the Court entered a Consent Judgment in the above-reference action 80 Civ. 336 (TPG) on January 19, 1981 (the "U.S. Consent Judgment") (the two Consent Judgments referred to hereinafter as the "Consent Judgments");

  WHEREAS, both Consent Judgments are applicable to defendants THE CITY OF WHITE PLAINS, THE CITY OF WHITE PLAINS FIRE DEPARTMENT, and THE NEW YORK STATE DEPARTMENT OF CIVIL SERVICE;

  WHEREAS, the purpose of the U.S. Consent Judgment, among other things, is to "assure that Blacks, Hispanics and women by reason of their race, national origin or sex are not

disadvantaged by the hiring, assignment and promotion policies and practices within the [White Plains Fire Department] and that any disadvantage to Blacks, Hispanics or women which may have resulted from past unlawful discrimination is remedied as provided herein so that equal employment opportunity will be provided for all," *see* U.S. Consent Judgment at 5;

WHEREAS, the purpose of the Vulcan Consent Judgment, among other things, is to "assure that Blacks by reason of their race are not disadvantaged by the hiring, assignment and promotion policies and practices within the [White Plains Fire Department], and that any disadvantage to Blacks which may have resulted from past unlawful discrimination is remedied as provided herein so that equal employment opportunity will be provided for all," *see* Vulcan Consent Judgment at 5;

WHEREAS, pursuant to the Consent Judgments, the White Plains Defendants *(i.e.,* As defined in Section I.a., "Definitions" of both Consent Judgments) are required, among other things, to "undertake in good faith to hire firefighters [for the White Plains Fire Department] so as to achieve the goal of a firefighting force ... which reflects no less than the proportion of Blacks and Hispanics between the ages of eighteen (18) and forty-four (44) in the civilian labor force of [the City of White Plains] as reported by the U.S. Census Bureau in the most recently published decennial census then available," *see* U.S. Consent Judgment, Section VI.A; *see also* Vulcan Consent Judgment, Section VI.A;

WHEREAS, the White Plains Defendants have made progress toward reaching the Consent Judgment's hiring goals for African-American and Hispanics firefighters in the White Plains Fire Department set forth in the Consent Judgments but have not yet achieved these goals;

WHEREAS, pursuant to the Consent Judgments, the White Plains Defendants are required, among other things, to "undertake in good faith to make promotions to the ranks of fire officers in the [White Plains Fire Department] so as to achieve the goal of a fire officer corps in

the [White Plains Fire Department] which reflects the proportion of Blacks [and] Hispanics ... among the firefighters of the [White Plains Fire Department]," *see* U.S. Consent Judgment, Section VI.B; *see also* Vulcan Consent Judgment, Section VI.B;

WHEREAS, the White Plains Defendants have made progress toward reaching the Consent Judgments' promotion goals for African-American and Hispanic fire officers in the White Plains Fire Department set forth in the Consent Judgment but have not yet achieved this goal;

WHEREAS defendant NEW YORK STATE DEPARTMENT OF CIVIL SERVICE (the "State Defendants" as that term is defined in Section I.e., "Definitions" of both Consent Judgments), at the request of the White Plains Defendants, "prepares, constructs and rates" the written tests that the White Plains Defendants use as a basis, among other criteria, for determining the eligibility of applicants for the position of firefighter and for determining the eligibility of applicants for the positions of fire lieutenant and fire captain, *see* Consent Judgments, Sections II.B., V.A.

WHEREAS, the parties modified the U.S Consent Judgment on January 6, 2014 ("2014 Modification Order") (*See* ECF 174-7);

WHEREAS, the Consent Judgments require the City Defendants, including the White Plains Defendants, and State Defendants to work towards the "Improvements of Future Written Tests" (*see* Section IV of the Vulcan Consent Judgment; Section III of the U.S. Consent Judgment);

WHEREAS, the State Defendants developed and validated an updated entry-level firefighter written exam through consultation with PSI Services LLC, which was summarized in a report dated December 31, 2018 ("PSI Exam"); and

WHEREAS, the State Defendants have administered the PSI Exam statewide each year from 2019 through 2024;

IT IS HEREBY ORDERED that the Consent Judgments should be modified as follows (the "2025 Interim Order"):

1. Section II.B.l.h. of both Consent Judgments regarding the "Procedures for Selection of Firefighters" shall be suspended for the March 1, 2025 administration of the Firefighter written examination ("PSI Exam") by White Plains.

2. The PSI Exam, as prepared by State Defendants, and as administered by White Plains Defendants, shall use the following categories: (1) Ability to learn and apply information; (2) Basic arithmetic; (3) Reading comprehension; and (4) Situational judgment.

3. The administration of the PSI Exam by the White Plains Defendants shall be otherwise conducted consistent with the terms of the Consent Judgments, and to the extent modified by 2014 Modification Order.

4. The PSI Exam will be scored banded scores which result in passing scores of 70, 75, 80, 85, 90, 95, and 100.

5. State Defendants shall provide counsel for Plaintiffs with anonymized candidate scoring data by race and ethnicity for the PSI Exam ("2025 WP Results"), which will be maintained as attorneys' eyes only to preserve the integrity of the Firefighter examination. The 2025 WP Results shall include both the score achieved by each candidate prior to banding and the score assigned to each candidate after banding. State Defendants will distribute the 2025 WP Results within ten (10) business days of the transmission of the banded scoring results to the White Plains Defendants. Plaintiffs shall have the opportunity to raise with the Court any concerns about the lawfulness of the scoring methodology within thirty (30) days to avoid any potential adverse effect on the ability of the White Plains Defendants to otherwise comply with the Consent Judgments. Nothing in this Order shall prevent the White Plains Defendants from notifying candidates with a passing score on the PSI Exam that they are eligible to take the physical examination for the Firefighter title.

6. The City of White Plains shall, within 30 days of entry of this Order, provide to the other parties a detailed description of the process by which test-passers will be further screened and selected for hire, including a description of the process by which test-passers who achieve the same score will be considered for hire in relation to each other. This description will include an account of any measures in place to ensure fairness in hiring and to avoid the appearance or reality of nepotism or discrimination in the selection process.

7. Within six (6) months of all Plaintiffs receiving the results and analyses of the PSI Exam for the Firefighter title administered on March 1, 2025, the parties shall confer about the future use of the PSI Exam for entry-level firefighters in the City of White Plains. No later than November 30, 2025, if agreed to by all parties, the parties shall file a joint stipulation amending either the original Consent Judgments in this case, or the amended Consent Judgment proposed by the State Defendants on January 17, 2025, as amended, whichever is in effect.

8. Nothing in this 2025 Interim Order shall be deemed to prevent any of the parties from seeking appropriate relief from the Court regarding whether a test administered pursuant to the Consent Judgments has disparate impact violating Title VII or otherwise violates Title VII, including injunctive relief to stop any selection based on results from such a test or declaratory relief to determine the validity of such a test. Nor shall anything in this 2025 Interim Order be deemed to modify Section II.B.1.f. of either Consent Judgment. Nor shall anything in this 2025 Interim Order be deemed to prevent any of the parties from seeking further modification of the Consent Judgments.

9. This 2025 Interim Order does not constitute a finding of liability or fault on the part of any party.

Dated: February 21, 2025

*William J. Anthony*
Will Anthony
LITTLER MENDELSON, P.C.
900 Third Avenue
New York, New York 10022-3298
212-583-9600

*Attorney for Defendant*
*City of White Plains*

Dated: February 21, 2025

*Dana Lossia*
Dana E. Lossia
LEVY RATNER
80 Eighth Avenue, 8th Floor
New York, New York 10011
212-627-8100

*Attorney for Plaintiff Vulcan Society of Westchester County, Inc.*

Dated: 2/21, 2025

MATTHEW PODOLSKY
Acting United States Attorney for the
Southern District of New York

David J. Kennedy
Chief, Civil Rights Unit
86 Chambers Street, 3rd Floor
New York, New York 10007
212-637-2733

*Attorneys for Plaintiff the United States*

Dated: February 21, 2025

LETITIA JAMES
Attorney General
State of New York

*Elizabeth A. Figueira*
Elizabeth A. Figueira
Assistant Attorney General
28 Liberty Street
New York, New York 10005
212-416-8528

*Attorneys for the New York State Department of Civil Service*

SO ORDERED:

*Jessica Clarke*
Judge Jessica G. L. Clarke
United States District Judge

Dated: February 25, 2025
         New York, New York