UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VULCAN SOCIETY OF WESTCHESTER COUNTY, et al.,<br><br>      Plaintiffs,<br><br>    -against-<br><br>FIRE DEPARTMENT OF THE CITY OF WHITE PLAINS, ET AL.,<br><br>      Defendants. | 78 Civ. 911 (JGLC) |
| UNITED STATES OF AMERICA,<br><br>      Plaintiffs,<br><br>    -against-<br><br>NEW YORK STATE DEPARTMENT OF CIVIL SERVICE, et al.,<br><br>      Defendants. | 80 Civ. 0336 (JGLC) |

## [~~PROPOSED~~] ORDER MODIFYING YONKERS CONSENT DECREES

WHEREAS, the Court entered a Consent Decree in the above-reference action 80 Civ. 336 on August 13, 1981 (the "U.S. Consent Decree") (the two Consent Decrees referred to hereinafter as the "Yonkers Consent Decrees");

WHEREAS, the Court entered a Consent Decree in the above-referenced action, 78 Civ. 911, on August 14, 1981 (the "Vulcan Consent Decree");

WHEREAS, the Yonkers Consent Decrees are applicable to defendants FIRE DEPARTMENT OF THE CITY OF YONKERS, YONKERS MUNICIPAL CIVIL SERVICE COMMISSION, CITY OF YONKERS, and THE NEW YORK STATE DEPARTMENT OF CIVIL SERVICE;

WHEREAS, the purpose of the U.S. Consent Decree, among other things, is to "assure that Blacks, Hispanics and women by reason of their race, national origin or sex are not disadvantaged by the employment policies, procedures, and practices within the Yonkers Fire Department, and that any disadvantage to Blacks, Hispanics or women which may have resulted from past unlawful discrimination is remedied as provided herein so that equal employment opportunity will be provided for all," *see* U.S. Consent Decree at 4-5;

WHEREAS, the purpose of the Vulcan Consent Decree, among other things, is to "assure that Blacks by reason of their race are not disadvantaged by the employment policies, procedures and practices within the Yonkers Fire Department, and that any disadvantage to Blacks which may have resulted from past unlawful discrimination is remedied as provided herein so that equal employment opportunity will be provided for all," *see* Vulcan Consent Decree at 3;

WHEREAS, pursuant to the Yonkers Consent Decrees, the Yonkers Defendants (as defined in Section I.a., "Definitions") are required, among other things, to "undertake in good faith to reach a long-term goal for firefighters not less than the proportion of Blacks and Hispanics ages 16 and above in the Yonkers civilian labor force, both as reported by the U.S. Census Bureau in the most recently published decennial census then available," *see* U.S. Consent Decree, Section VI.A.1; *see also* Vulcan Consent Decree, Section VI.A;

WHEREAS, defendant NEW YORK STATE DEPARTMENT OF CIVIL SERVICE (the "State Defendants" as that term is defined in Section I.b, "Definitions" of both Yonkers Consent Decrees), at the request of the Yonkers Defendants, shall prepare and construct the written tests that the Yonkers Defendants use as a basis, among other criteria, for determining the eligibility of applicants for the position of firefighter and for determining the eligibility of applicants for the positions of fire lieutenant and fire captain, *see* Consent Decrees, *see* Sections II.B., V.A;

WHEREAS, under the original Yonkers Consent Decrees the State Defendants "shall determine, based upon applicants' scores, whether the written test has an adverse impact on Minorities" through a comparison of candidates, hereinafter referred to as "the Block Analysis", *see* Yonkers Consent Decrees, Sections II.B.1.b.ii, II.B.1.b.iv;

WHEREAS, the parties modified the Yonkers Consent Decrees on January 9, 2014 ("2014 Modification Order"), *see* ECF No. 39 in 78-cv-911, ECF No. 174-9 in 80-cv-336;

WHEREAS, the 2014 Modification Order struck Sections II.B.1.b.ii.d & e and added language concerning test questions for Sections II.B.1.b.ii.d, *see* ECF No. 39 in 78-cv-911, ECF No. 174-9 in 80-cv-336;

WHEREAS, the 2014 Modification Order erroneously did not strike all sections of the Yonkers Consent Decrees that directed the State Defendants to conduct the Block Analysis for the entry level firefighter test;

WHEREAS, it was the intent of the parties in 2014 to end the use of Block Analysis;

WHEREAS, candidates from the City of Yonkers completed the entry level written examination for the firefighter title that the State Defendants administered on March 1, 2025 ("2025 Exam"); and

IT IS HEREBY ORDERED that the Yonkers Consent Decrees should be modified as follows (the "2025 Scoring Order"):

1. Section II.B.l.b.ii.a, ii.b and ii.c, and II.B.1.b.iv of the Yonkers Consent Decrees regarding the "Procedures for Selection of Firefighters" shall be stricken entirely, and as a result, the State Defendants will not complete the Block Analysis for the 2025 Exam.

2. The phrase "In the event that the State Defendants determine that there is no adverse impact on Minorities as heretofore defined," shall be stricken from Section II.B.l.b.iii, as there will be no adverse impact assessed through the Block Analysis.

3. For the 2025 Exam only, State Defendants will complete the scoring for the 2025 Exam consistent with Section II.B.l.b.i and the remainder of Section II.B.l.b.iii in the Yonkers Consent Decrees using banded scoring.  The forgoing sentence providing for banded scoring shall apply only to the written portion of the 2025 Exam.  State Defendants will complete the "Reporting" requirements pursuant to Section VIII of the Yonkers Consent Decrees and the 2014 Modification Order.

4. Nothing in this 2025 Scoring Order shall be deemed to prevent any of the parties from seeking appropriate relief from the Court regarding whether a test administered pursuant to the Consent Decrees has disparate impact violating Title VII or otherwise violates Title VII, including injunctive relief to stop any selection based on results from such a test or declaratory relief to determine the validity of such a test. Nor shall anything in this 2025 Scoring Order be deemed to prevent any of the parties from seeking further modification of the Yonkers Consent Decrees.

5. This 2025 Scoring Order does not constitute a finding of liability or fault on the part of any party.

SO ORDERED:                                              DATE: April 30, 2025

_Jessica Clarke_
HON. JESSICA G. L. CLARKE
UNITED STATES DISTRICT JUDGE